UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-24124-CIV-MARTINEZ

BRIDLINGTON BUD LTD.,

      Plaintiff,

v.

THE PARTNERSHIPS,
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

      Defendants.

_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR ENTRY OF PRELIMINARY INJUNCTION**

      This matter is before the Court on Plaintiff's Motion for Entry of Preliminary Injunction. ECF No. 19.[1]  Plaintiff seeks the entry of a preliminary injunction, including the entry of an order restraining assets, against Defendants Turise, BBKON Direct, Junite, Tmaltide, and Muyu (collectively, "Defendants"),[2] based on alleged trademark infringement, pursuant to the Court's inherent authority, 15 U.S.C. § 1116, Fed. R. Civ. P. 65, and the All Writs Act, 28 U.S.C. § 1651(a).

---

[1] The Honorable Rodolfo A. Ruiz, II, on behalf of the Honorable Jose E. Martinez, referred Plaintiff's Motion for Entry of Preliminary Injunction to the undersigned.  ECF No. 20.

[2] The Motion for Entry of Preliminary Injunction originally sought relief against all nine of the defendants referred to in the Amended Complaint as the Partnerships and Unincorporated Associations identified on Schedule A.  *See* ECF No. 19; ECF No. 9.  Schedule A can be found on the public docket, including within the Amended Complaint.  *See id.* at 12; *see also, e.g.*, ECF No. 19 at 16.  On December 8, 2025, however, Plaintiff filed a notice of voluntary dismissal as to four of the nine defendants: 22Q5C, VividNest Creations, rongminhang, and COCOTINA.LI.  ECF No. 25.  Accordingly, this Report and Recommendation addresses Plaintiff's requests for relief only as to Defendants Turise, BBKON Direct, Junite, Tmaltide, and Muyu (collectively, "Defendants"). A Revised Schedule A listing the Defendants who are the subject of this Report and Recommendation is attached hereto.

The Court held a hearing on December 2, 2025, at which only counsel for Plaintiff was present and available to provide evidence supporting Plaintiff's motion.  Defendants have not responded to Plaintiff's motion, have not made any filings in this case, and have not appeared in this matter, either individually or through counsel.  Having reviewed Plaintiff's motion, the pertinent portions of the record, and the relevant legal authorities, and for the reasons discussed below, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 19, be **GRANTED**.

## I.   FACTUAL BACKGROUND

Plaintiff is the owner of the federally registered trademark (the "GJX Trademark") identified in Plaintiff's Amended Complaint and in Paragraph 3 of the Declaration of Yongkang Du.  ECF No. 9 at ¶ 8; ECF No. 10-3 at ¶ 3; ECF No. 9-1.  The GJX Trademark was registered with the United States Patent and Trademark Office on August 9, 2022 and remains in effect.  ECF No. 10-3 at ¶¶ 3-4; ECF No. 9-1.

Defendants, operating under the seller aliases identified on Schedule A (the "Seller Aliases") through fully interactive online storefronts on the Walmart.com e-commerce platform,[3] have advertised, promoted, offered for sale, or sold infringing and counterfeit products bearing or using the GJX Trademark.  ECF No. 10-2 at ¶ 8; ECF No. 10-3 at ¶¶ 8-10; ECF No. 10-4.  Each Defendant expressly offers to ship the infringing products nationwide, including to the State of Florida.  ECF No. 10-3 at ¶ 10.

Plaintiff has submitted sufficient evidence showing that each Defendant has infringed on the GJX Trademark.  *See* ECF No. 10-4; *see also* ECF No. 10-3 at ¶¶ 8-11; ECF No. 10-2 at ¶¶ 2, 8.  Defendants are not licensed or authorized to use the GJX Trademark, and none of the

---

[3] The e-commerce store URL for each Defendant is listed on Schedule A under the Defendants' Walmart Store URLs heading, *e.g.*, ECF No. 9 at 16, as well as on the Revised Schedule A attached hereto.

Defendants are authorized retailers of Plaintiff's genuine products.  ECF No. 10-3 at ¶ 13.  Plaintiff investigated Defendants' promotion of infringing and counterfeit versions of its branded products by Defendants.  ECF No. 10-3 at ¶¶ 8-13; ECF No. 10-2 at ¶ 2.  Plaintiff accessed each of the e-commerce stores operated under the Seller Aliases and determined that Defendants were promoting, advertising, offering for sale, and/or selling counterfeit and infringing products using the GJX Trademark.  ECF No. 10-2 at ¶ 2; ECF No. 10-3 at ¶¶ 8-12.  Specifically, Plaintiff visually examined the products displayed on Defendants' storefronts, including the products' appearance, listing, description, pricing, and information, and the seller information and domain name for each Seller Alias, and determined that the products were infringing and counterfeiting.  ECF No. 10-3 at ¶¶ 9-12; ECF No. 10-2 at ¶¶ 2, 4.

On September 10, 2025, Plaintiff filed a Complaint against Defendants for trademark infringement, in violation of 15 U.S.C. § 1114 (Count I), and false designation of origin, in violation of 15 U.S.C. § 1125(a) (Count II).  ECF No. 1.  On November 6, 2025, Plaintiff filed an Amended Complaint asserting the same two claims against Defendants.  ECF No. 9.  On the same date, Plaintiff filed an *Ex Parte* Application for Entry of Temporary Restraining Order and Order Restraining Transfer of Assets, ECF No. 10, and a Motion for Order Authorizing Alternate Service of Process on Defendants, ECF No. 11.  On November 10, 2025, the Court entered an Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, ECF No. 14, and an Order granting Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendants, ECF No. 13.

Pursuant to the November 10 Orders, Plaintiff served each Defendant, by e-mail and through Plaintiff's designated serving notice website, with a copy of the Amended Complaint, the Order Granting Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, and other filings in this matter.  *See* ECF No. 17.  Plaintiff subsequently served each Defendant with a

copy of Plaintiff's Motion for Entry of Preliminary Injunction and the Court's Order Setting Preliminary Injunction Hearing and Briefing Schedule. *See* ECF No. 23.

## II.    LEGAL STANDARD

Plaintiff seeks a preliminary injunction pursuant to Federal Rule of Civil Procedure 65. To obtain a preliminary injunction, Plaintiff must establish "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that the entry of the relief would serve the public interest." *Schiavo ex. rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005); *see also Levi Strauss & Co. v. Sunrise Int'l. Trading Inc.*, 51 F.3d 982, 985 (11th Cir. 1995).

As outlined below, Plaintiff submitted sufficient evidentiary support to warrant enjoining Defendants from engaging in the alleged infringing activities. *See e.g.*, *Louis Vuitton Malletier, S.A. v. Lin*, No. 10-61640-CIV-HUCK, 2010 WL 11550032 (S.D. Fla. Sept. 2010) (granting preliminary injunction against the defendants who failed to respond or appear in the case after the plaintiff presented sufficient evidence of infringing activity to support its motion for preliminary injunction).

## III.    ANALYSIS

The declarations and exhibits that Plaintiff submitted in support of its motion support the following conclusions of law:

A. Plaintiff has a substantial likelihood of success on the merits of its claims. Plaintiff has a strong probability of proving at trial that consumers are likely to be confused by Defendants' advertisement, promotion, offer for sale, sale, or distribution of products using and/or bearing infringing and counterfeit versions of the GJX Trademark, and that the products Defendants are selling and promoting for sale are unauthorized copies

4

of Plaintiff's products that use infringing and counterfeit versions of the GJX Trademark.

B. Because of the infringement upon the GJX Trademark, Plaintiff is likely to suffer immediate and irreparable injury if a preliminary injunction is not granted. The following specific facts, as set forth in Plaintiff's Amended Complaint, the instant motion, and declarations and exhibits accompanying Plaintiff's *Ex Parte* Application for Entry of Temporary Restraining Order, ECF No. 10, demonstrate that immediate and irreparable loss, damage, and injury will result to Plaintiff and to consumers if a preliminary injunction is not issued:

    i.   Defendants own, operate, and/or control interactive e-commerce stores on Walmart.com operating under the Seller Aliases which advertise, promote, offer for sale, and/or sell counterfeit goods to consumers in the United States using or bearing infringing and/or counterfeit versions of the GJX Trademark;

    ii.   There is good cause to believe that more counterfeit and infringing products using or bearing the GJX Trademark will appear in the marketplace; that consumers are likely to be misled, confused, and/or disappointed by the quality of these products; and that Plaintiff may suffer loss of sales for its genuine products and an unnatural erosion of the legitimate marketplace in which it operates.

C. The balance of potential harm to Defendants in restraining their trade in counterfeit and infringing goods through their e-commerce stores and freezing their ill-gotten profits if a preliminary injunction is issued is far outweighed by the potential harm to Plaintiff, its reputation, and its goodwill if such relief is not issued.

D. The public interest favors issuance of a preliminary injunction to prevent consumer

confusion and dispel the false impression that Defendants are operating their e-commerce stores with Plaintiff's approval and endorsement, as well as to protect Plaintiff's legitimate trademark interests.

E.  Under 15 U.S.C. § 1117(a), Plaintiff may be entitled to recover, as an equitable remedy, the illegal profits gained through Defendants' distribution and sales of goods bearing and/or using infringing and/or counterfeit versions of the GJX Trademark. *See Reebok Int'l, Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992) ("An accounting of profits under § 1117(a) is not synonymous with an award of monetary damages: '[a]n accounting for profits . . . is an equitable remedy subject to the principles of equity.'" (quoting *Fuller Brush Prods. Co. v. Fuller Brush Co.*, 299 F.2d 772, 777 (7th Cir. 1962)).

F.  Requesting equitable relief "invokes the district court's inherent equitable powers to order preliminary relief, including an asset freeze, in order to assure the availability of permanent relief." *Levi Strauss & Co.*, 51 F.3d at 987 (citing *Federal Trade Commission v. United States Oil & Gas Corp.*, 748 F.2d 1431, 1433-34 (11th Cir. 1984)).

G.  In light of the inherently deceptive nature of the counterfeiting business, and the likelihood that Defendants have violated federal trademark laws, Plaintiff has good reason to believe Defendants will hide or transfer their ill-gotten assets beyond the jurisdiction of this Court unless those assets are restrained.

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion for Entry of Preliminary Injunction, ECF No. 19, be **GRANTED**. The undersigned further recommends that the preliminary injunction provide as follows:

(1)     Each Defendant, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them shall be preliminarily enjoined and restrained from:

    a.   Using Plaintiff's GJX Trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine GJX product or not authorized by Plaintiff to be sold in connection with Plaintiff's GJX Trademark;

    b.   Passing off, inducing, or enabling others to sell or pass off any product as a genuine GJX product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's GJX Trademark;

    c.   Committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d.   Further infringing Plaintiff's GJX Trademark and/or damaging Plaintiffs goodwill;

    e.   Otherwise competing unfairly with Plaintiff in any manner; and/or

    f.   Shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear Plaintiffs GJX Trademark or any reproductions, counterfeit copies, or colorable imitations thereof.

(2)     Each Defendant and any person in active concert or participation with them who has actual notice of this Order shall be preliminarily restrained and enjoined from transferring or disposing of any money or other assets of Defendants until further ordered by this Court.

(3)     Within two (2) business days of receipt of this Order, any third-party providers, including Pay Pal, Payoneer, and Walmart, Inc., shall, to the extent not already done, for any of Defendants or any of Defendants' Online Marketplace Accounts or websites:

    a.  Locate all accounts and funds connected to Defendants, Defendants' Online Marketplace Accounts or Defendants' websites, including, but not limited to, any financial accounts connected to the information listed in Revised Schedule A attached hereto and any email addresses provided for Defendants by third parties; and

    b.  Restrain and enjoin any such accounts or funds from transferring or disposing of money or any other assets belonging to Defendants until further ordered by this Court.

(4)     Any Defendant subject to this Order may appear and move to dissolve or modify the Order on two-days' notice to Plaintiff or on shorter notice as set by this Court.

(5)     Any Defendant or financial institution account holder subject to this Order may petition the Court to modify the asset restraint set out in this Order.

(6)     This Preliminary Injunction shall remain in effect during the pendency of this action or until such further date set by the Court.

(7)     Pursuant to 15 U.S.C. § 1116(d)(5)(D) and Federal Rule of Civil Procedure 65(c), Plaintiff shall maintain its previously posted bond in the amount of Five Thousand

Dollars and Zero Cents ($5,000.00), to pay for any costs or damages to which any party may be entitled for a wrongful injunction or restraint, during the pendency of this action, or until further order of the Court.  In the Court's discretion, the bond may be subject to increase should a motion be made in the interest of justice.

(8)   Additionally, for the purpose of providing additional notice of this proceeding and all other pleadings, orders, and documents filed herein, the owners, operators and/or administrators of the ecommerce stores and/or financial institutions, payment processors, banks, escrow services, and money transmitters, and marketplace platforms, including but not limited to, PayPal, Payoneer, and Walmart, Inc., and their related companies and affiliates shall, at Plaintiff's request and to the extent not already done, provide Plaintiff's counsel, with any e-mail address known to be associated with Defendants' respective e-commerce stores.

(9)   This Preliminary Injunction shall no longer apply to any Defendant or associated e-commerce store name dismissed from this action or as to which Plaintiff has withdrawn its request for a preliminary injunction.

Pursuant to Local Magistrate Rule 4(b), the Court finds good cause to EXPEDITE the period to serve and file written objections to this Report and Recommendation, if any, with the Honorable Jose E. Martinez, United States District Judge.  Accordingly, the parties shall have **until December 12, 2025** to file and serve any written objections to this Report and Recommendation. Failing to file timely objections will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate review of the district court order "for plain error if necessary in the interests of justice."  11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474

U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

   **RESPECTFULLY RECOMMENDED** in Chambers in Miami, Florida, on this 9th day of December 2025.

<br/>

                _____
                EDUARDO I. SANCHEZ
                UNITED STATES MAGISTRATE JUDGE

cc:  Hon. Jose E. Martinez
   Hon. Rodolfo A. Ruiz, II
   Counsel of Record

**REVISED SCHEDULE A**

| Def. # | Seller Aliases | Defendants' Walmart Store URLs |
|---|---|---|
| 1 | Turise | https://www.walmart.com/global/seller/102761707 |
| 2 | BBKON Direct | https://www.walmart.com/global/seller/101348588 |
| 3 | Junite | https://www.walmart.com/global/seller/102758244 |
| 7 | Tmaltide | https://www.walmart.com/global/seller/101227312 |
| 8 | Muyu | https://www.walmart.com/global/seller/102490833 |